UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AME CHURCH EMPLOYEE
RETIREMENT FUND LITIGATION                                    MDL No. 3035

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiff in one action (*Ewing*) moves under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Tennessee. This litigation currently consists of five actions pending in four districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of one related action.[1]

All responding parties support centralization, but disagree on the transferee district. Plaintiffs in the District of Maryland action (*Alexander*) request centralization in the District of Maryland. Plaintiffs in the other three actions on the motion and one potential tag-along action support the motion to centralize these actions in the Western District of Tennessee. All responding defendants[2] also support centralization in the Western District of Tennessee.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Western District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions arising from the allegation that the AME Church, senior Church officials, and financial companies contracted to administer the Church retirement plan were negligent in managing the plan and breached their fiduciary duties to plan participants, resulting in substantial losses to the plan that were discovered in 2021. All actions involve overlapping putative classes of participating employees, and investigations that will affect all actions reportedly are ongoing. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

---

[*] Judge Norton did not participate in the decision of this matter..

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Responding defendants are the African Methodist Episcopal Church ("AME Church"); Reverend Dr. Jerome V. Harris; Newport Group, Inc.; and Symetra Financial Corporation.

-2-

We conclude that the Western District of Tennessee is an appropriate transferee district for this litigation. The AME Church Department of Retirement Services has its principal place of business in this district, and its former director during the relevant time period allegedly resides there.  Thus, common evidence likely will be located there.  Two actions on the motion are pending in the Western District of Tennessee, and nearly all responding parties support centralization in this district. Defendant AME Church is located in the adjacent district, in Nashville, Tennessee, and is expected to be the subject of common discovery.  Chief Judge S. Thomas Anderson, to whom we assign this litigation, is an experienced jurist, and has the willingness and ability to manage these proceedings.  We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Tennessee are transferred to the Western District of Tennessee and, with the consent of that court, assigned to the Honorable S. Thomas Anderson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
Roger T. Benitez            Dale A. Kimball
Madeline Cox Arleo

IN RE: AME CHURCH EMPLOYEE
RETIREMENT FUND LITIGATION                                    MDL No. 3035

## SCHEDULE A

<u>Middle District of Florida</u>

RUSS, ET AL. v. NEWPORT GROUP, INC., ET AL., C.A. No. 3:22−00375

<u>District of Maryland</u>

ALEXANDER v. HARRIS, ET AL., C.A. No. 8:22−00707

<u>Western District of Tennessee</u>

EWING v. NEWPORT GROUP, INC., ET AL., C.A. No. 2:22−02136
JACKSON v. NEWPORT GROUP, INC., ET AL., C.A. No. 2:22−02174

<u>Eastern District of Virginia</u>

WADE, ET AL. v. NEWPORT GROUP, INC., ET AL., C.A. No. 3:22−00179