# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION | MDL Docket No. 1:22-md-03035-STA-jay ALL CASES |

## ORDER GRANTING MOTION TO APPOINT INTERIM CO-LEAD COUNSEL AND PLAINTIFFS' STEERING COMMITTEE

Plaintiffs' amended motion to appoint interim co-lead counsel and Plaintiffs' steering committee (ECF No. 51) is **GRANTED**.[1]

This order is intended to create a leadership structure for Plaintiffs' Counsel to organize, simplify, and streamline the handling of these matters on behalf of all plaintiffs, consistent with the fair administration of justice.

**1. Interim Lead Counsel**

The Court hereby appoints the following individuals as Interim Co-Lead Counsel:

    a. Gregorio A. Francis
       OSBORNE & FRANCIS LAW FIRM, PLLC
       433 Plaza Real, Suite 271
       Boca Raton, FL 33432
       (561) 293-2600;
       Fax: (561) 923-8100
       gfrancis@realtoughlawyers.com

    b. Matthew E. Lee
       MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
       900 W. Morgan Street
       Raleigh, NC 27603
       919-600-5000

---

[1] Plaintiffs' original motion to appoint counsel (ECF No. 11) is **DENIED** as moot.

    Fax: 919-600-5035
    mlee@milberg.com

The responsibilities of Interim Co-Lead Counsel are set forth in Section 6 of this Order.

**2. Liaison Counsel**

The Court hereby appoints the following individual as Liaison Counsel:

    a. J. Gerard Stranch, IV
       BRANSTETTER, STRANCH
       & JENNINGS, PLLC
       223 Rosa L. Parks Avenue, Suite 200
       Nashville, Tennessee 37203
       (615) 254-8801
       Fax: (615) 255-5419
       gerards@bsjfirm.com

The responsibilities of Liaison Counsel are set forth in Section 7 of this Order.

**3. Plaintiffs' Steering Committee**

The Court hereby appoints Interim Co-Lead Counsel, Liaison Counsel, and the following individuals to the Plaintiff's Steering Committee ("PSC"):

    a. Dhamian Blue
       Blue LLP
       P.O. Box 1730
       Raleigh, NC 27602
       919-833-1931
       Fax: 919-833-8009
       dab@bluellp.com

    b. Richard Schulte
       Wright & Schulte LLC
       865 S. Dixie Dr.
       Vandalia, OH 45377
       937-435-9999
       Fax: 937-435-7511
       rschulte@yourlegalhelp.com

    c. Dean Graybill
       AARP Foundation
       601 E Street, NW
       Washington, DC 20049
       (202) 434-6280

        Fax: (202) 434-6424
        dgraybill@aarp.org

   d. Kenneth S. Byrd
      LIEFF CABRASHER HEIMANN & BERNSTEIN, LLP
      222 2nd Ave S
      Nashville, TN 37210
      615-313-9000
      Fax: 615-313-9965
      kbyrd@lchb.com

   e. Elizabeth Hopkins
      KANTOR & KANTOR LLP
      19839 Nordhoff Street
      Northridge, CA 91324
      818-886-2525
      Fax: 818-350-6274
      ehopkins@kantorlaw.net

The responsibilities of the PSC are set forth in Section 8 of this Order.

**4. Changes in Members**

These appointments are personal in nature and may not be changed without court order.

**5. Designated Counsel**

The PSC may appoint other qualified plaintiffs' counsel to perform legal services for the common benefit of plaintiffs ("Designated Counsel").

**6. Responsibilities of Interim Co-Lead Counsel**

Interim Co-Lead Counsel shall be responsible for coordinating pre-trial proceedings and have the following responsibilities:

   a. To chair the PSC, and initiate, coordinate, and conduct all pretrial discovery with the PSC, on behalf of plaintiffs in all actions subject to this order;

   b. To present, after consultation with the PSC and other counsel as may be appropriate, personally or by a designee, the position of the plaintiffs on any matter arising during pretrial proceedings;

   c. To delegate, in consultation with the PSC, specific tasks to the PSC and other counsel in a manner to ensure that pretrial preparation for the plaintiffs is

      conducted effectively, efficiently, and economically, including the creation of subject matter-specific or other working groups;

d. Conduct settlement negotiations on behalf of their group, in consultation with the PSC, but not enter into binding agreements except to the extent expressly authorized;

e. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

f. Perform such other duties as may be incidental to proper coordination of their group's pretrial activities or authorized by further order of the court;

g. To prepare and distribute to the parties periodic status reports, as appropriate;

h. To maintain adequate time and disbursement records covering services as Designated Counsel;

i. To coordinate and lead discussions with the Court, plaintiffs' counsel and other stakeholders (for example, defense counsel and non-parties), to ensure that court orders are followed, schedules are met, discovery is conducted and provided consistent with the requirements of Fed. R. Civ. P. 26, unnecessary expenditures of time and funds are avoided, and any negotiations are reasonably efficient and productive;

j. To coordinate, with the assistance of Liaison Counsel, with counsel in any related litigation, in order to avoid duplicative discovery, including minimizing the number of depositions taken of each witness, minimizing the number of lawyers who question witnesses at depositions, and reducing duplicative questioning;

k. To maintain an up-to-date comprehensive service list of plaintiffs' counsel in MDL 3035 and promptly advise the Court of any changes;

l. To receive and distribute to plaintiffs' counsel, as appropriate, orders, notices and correspondence from the Court;

m. To maintain and make available to other plaintiffs' counsel, on reasonable notice and at reasonable times, a complete set of all pleadings and orders filed and/or served in MDL 3035; and

n. To establish and maintain, in conjunction with the PSC, a physical or virtual depository located within the Court's jurisdiction, or otherwise accessible to all plaintiffs' counsel.

    Interim Co-Lead Counsel shall be involved in any class or group settlement discussions, whether with a single defendant or multiple defendants. Interim Co-Lead Counsel are also hereby designated as Co-Interim Class Counsel pursuant to Rule 23(g) to "act on behalf of a

putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

7. **Responsibilities of Liaison Counsel**

    Liaison Counsel shall have the following responsibilities:

    a. To serve as an intermediary between Plaintiffs' counsel and the Court;

    b. To maintain and distribute to co-counsel and to all other Liaison Counsel an up-to-date service list;

    c. Assist Interim Co-Lead Counsel and the PSC in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings;

    d. Where practicable, to communicate with attorneys prosecuting any related actions in order to ascertain their status;

    e. To provide information about related proceedings to the Court and counsel;

    f. To help coordinate discovery and litigation efforts between the MDL and any related proceedings to avoid, where possible, duplicative or conflicting efforts; and

    g. To assist in providing access to participating counsel in related actions to any common-benefit document depository and common-benefit work-product, in accordance with the terms of any common-benefit orders entered by the Court.

8. **Responsibilities of PSC**

    The PSC shall have the following responsibilities:

    a. **Discovery**

        i. To develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

        ii. To cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas concerning any witnesses and documents needed to prepare for the trial of this litigation (similar requests, motions, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him or her in the preparation of the pretrial stages of his or her client's particular claims); and

        iii. To conduct all discovery, by members or their designees approved by Lead Counsel, in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

b. **Hearings and Meetings**

   i. To call meetings for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

   ii. To initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters concerning pretrial proceedings; and

   iii. To examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

c. **Trial**

   i. To coordinate, with Interim Co-Lead Counsel, the selection, management, and presentation of any common issue, "bellwether" and/or "test" case trials.

d. **Settlement and Miscellaneous**

   i. To negotiate and propose settlement of cases on behalf of plaintiffs or plaintiff groups, including exploring and, where appropriate, pursuing all settlement options concerning any claim or portion thereof of any case filed in this litigation;

   ii. To litigate any motions presented to the Court that involve matters within the sphere of the responsibilities of the PSC;

   iii. To negotiate and enter into stipulations with defendants concerning this litigation; provided, however, that all stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation, and that any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five days after he/she knows or should have reasonably become aware of the stipulation, and that failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party;

   iv. To maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs' counsel;

   v. To perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing subcommittees or workgroups comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC; and

   vi. To perform such other functions as may be expressly authorized by further orders of this Court.

9. **Privileged Communications**

Because cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation, the communication, transmission, or dissemination of information among plaintiffs' counsel shall be subject to the joint attorney-client privilege and the protections afforded by the attorney work-product doctrine; provided, however, that the conditions necessary to create such a privilege or protection have been satisfied and the privilege or protection has not been waived.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 4, 2022